TRUSTEE'S CONFIRMATION REPORT
CONFIRMATION HEARING:  MAY 5, 2025

**DEBTOR:** Francis Timothy Donoghue          **CASE NO. 24-20723-PRW**
**ATTORNEY:** Peter Grubea                    **ATTORNEY FEES:** $3800
                                              **FEES IN PLAN:** $3300 Per Part 4.3

## I. TRUSTEE'S RECOMMENDATION

A.  ☐ **Plan Recommended** If confirmation has been recommended and no other objections are outstanding, no appearance is required at the confirmation hearing.

B.  ☒ **Plan Not Recommended** If confirmation has not been recommended, the confirmation hearing will be adjourned to August 4, 2025 at 9:00 a.m.

C.  ☐ **Plan Not Recommended** There will be a telephonic hearing held to consider objections to confirmation on n/a.  Please refer to PACER for phone instructions from the Court.  **Failure to appear could result in denial of confirmation.  Notice to Debtor:  If the Trustee is unable to recommend confirmation by the adjourned hearing, then the Trustee will request denial of confirmation.**

## II. PLAN INFORMATION

A. **Filed Date:** December 21, 2024 (ECF No. 16)

B. **Payments:** $753.17 ☒ monthly ☐ bi-weekly ☐ weekly ☐ semi-monthly

C. **Method:** ☐ Wage Order ☒ Electronic ☐ Voluntary

D. **Duration:** ☒ 5 Years    ☐ 3 Years    ☐ Other:

E. **Repayments in Plan:**

| | | |
|---|---|---|
| To Secured Creditors | $ 30,272 | with interest $40,395 |
| To Priority Creditors | $ 3,300 | |
| To Unsecured Creditors | $ 0 | Trustee estimates 0% |
| General Unsecured Debt | $ 2 | per the schedules |

F. **Feasibility:**

| | |
|---|---|
| Monthly Income | $ 4,950 (net) |
| Less Monthly Expenses | $ 4,217 |
| Excess for Plan | $ 733 |

G. **Objections to Confirmation:**

**TLOA:** The plan does not address its filed secured claim.  Upon information and belief TLOA purchased the claim from a governmental unit.  Per the language of Part 3.2, a claim filed by a governmental unit controls over the plan valuation.  The Trustee believes this language addresses the issue.

**Trustee:** 1) The task list filed January 7, 2025 has not been completed.  Mr. Donaghue must a) provide financial documents to show his business can

1

generate the income necessary to fund the plan; b) amend the plan; c) amend Statement of Affairs No. 27; d) provide a copy of the deed for his real estate; and e) provide the Trustee with a copy of his 2023 New York tax return.

2) The plan cannot be completed in five years.

    H. **Other Comments**:
- ☐ Need certification of post-petition DSO payments
- ☐ Plan and Notice of Confirmation Hearing need to be served on all creditors
- ☐ Other:

**III. TREATMENT OF SECURED AND OTHER SPECIFIC CLAIMS**

| Creditor | Security | Plan Section | Plan Treatment | Claim Amount | Trustee Comments |
|---|---|---|---|---|---|
| TLOA | RE Taxes | 3.2 | $28,000+12% | $30,271.59 | |
| | | | | | |
| | | | | | |
| | | | | | |

**IV. BEST INTERESTS TEST: $2,760**

    A. **Total Market Value of Non-Exempt Assets**:      $ 84,486
         Less Valid Liens:      $ 15,136
         Less Exemptions:      $ 62,371
     Subtotal:      $ 6,979
         Less Ch. 7 Admin. Expenses:      $ 1,447
    B. **Total Available for Liquidation**:      $ 5,532
    C. **Present value factor added**      $ 6,060
         Less Priority Claims:      $ 3,300
    D. **Amount Available for General Unsecured Claims**:      $ 2,760
    E. **Amount to Be Paid to General Unsecured Claims in Plan**: $ 0
    F. **Nature of Major Non-Exempt Assets:**
         Vehicles

Dated: April 21, 2025          */s/ George M. Reiber*
         George M. Reiber,
         Chapter 13 Trustee